ESTES & SONS v. INSURANCE COMPANY.

MOTION, for rehearing of case reported, *ante*, p. 462. Plaintiffs moved for judgment on the ground that the defendants were not entitled to a jury trial.

CLARK, J. Upon the facts agreed, the plaintiffs are not entitled to judgment. It cannot be held, as matter of law, that Barker was the agent of the defendants, or that the defendants have waived or are estopped to insist upon the forfeiture clause in the policies.

*Motion for judgment denied.*

*Calvin Page*, for the plaintiffs.

*Streeter, Walker & Chase*, for the defendants.

---

[Merrimack, June, 1893.]

JOHNSON v. PRESCOTT.

TRESPASS, *q. cl.* Verdict for the defendant. The boundary line between the parties and the location of a corner were in dispute. A witness called by the defendant was permitted to testify, subject to exception, that on a survey of the line made by him the plaintiff's brother was present and did not object to his taking the corner to be at the place where the defendant claimed it to be, and for this cause the verdict was set aside.

BLODGETT, J., did not sit.

*John W. Center* and *Charles R. Morrison*, for the plaintiff.

*Streeter, Walker & Chase*, for the defendant.

---

[Rockingham, December, 1893.]

MARDEN & a. v. CITY OF PORTSMOUTH.

BILL IN EQUITY, for the specific performance of an oral contract to lease certain land to the plaintiffs. It appearing that no such contract was made, the bill was dismissed.

CHASE, J., did not sit.

*Samuel W. Emery*, for the plaintiffs.

*Ernest L. Guptill* and *Calvin Page*, for the defendants.